DANCY, HYMAN & CO. *v.* O. HUBBS, Sheriff, &c.

A plaintiff, whose execution has been levied on the defendant's land, and a sale advertised, who postponed the sale, does not thereby waive or loose the priority of his lien in favor of a junior execution.

(*Logan* v. *Dougherty,,* 70 N. C. Rep, 558, cited and approved.)

RULE on defendant, a sheriff, to show cause why the proceeds arising from the sale of certain land, under two executions, should not be appropriated to the junior execution in favor of plaintiffs, heard by *Clarke J.,* at Chambers in CRAVEN county, 29th May, 1874.

At the hearing, his Honor found the following facts :

R. G. Lewis obtained a judgment in Craven county against H. J. B. Clark, *et al.,* which was docketed in said county on the 23d September, 1872; that on the 2d day of January, 1873, an execution was issued thereon and was levied on the land of Clark, and returned to Court; on the 18th April, 1873, an *alias* execution issued which was levied on the same land, and was in the hands of the sheriff on the 7th day of June, 1873, and which was also returned to Court with the following endorsement :

" The lands levied on, advertised according to law, and sold to R. W. Hyman, for the sum of $700, proceeds of sale paid into Court on the 3d day of October, 1873."

O. HUBBS, Sheriff."

That Dancy, Hyman & Co., had obtained a judgment against the said H. J. B. Clark, in Craven county, docketed on the 27th January, 1873; that on the 13th May, 1873, execution thereon issued and was in the hands of the sheriff on the 7th day of June, 1873, and was levied on the aforesaid lands. This execution was returned to Court with the following endorsement :

"The lands levied on, advertised according to law, and sold to Robt. W. Hyman for the sum of $700," &c.

His Honor further found, that the judgment of Lewis was regularly transferred to W. Whitford on the 7th June, 1873, for value; and that at the instance of Whitford, the sheriff was directed to postpone the sale advertised on that day, the execution remaining in the sheriff's hands all the while.

Upon consideration of the foregoing facts, the sheriff was directed by the Court to appropriate the money in his hands to the satisfaction of the execution in favor of Lewis, and the balance, if any, to the execution of the plaintiffs.

From this order, the plaintiffs appealed.

*Haughton* and *Smith & Strong*, for plaintiffs.
*Green* and *Mason*, contra.

RODMAN, J. It is not denied by the plaintiffs, that Lewis at one time had a priority of lien over them, by reason that his judgment was first docketed. *Dougherty* v. *Logan*, 70 N. C. Rep. 548.

But it is contended that he waived or lost this priority by the direction which he gave the sheriff on 7th June, 1873, to defer the sale which had been advertised to be made on that day.

There are *dicta* in the cases cited by the counsel for plaintiffs, which say that if a plaintiff in a senior execution defers a sale in fraud of, or to the injury of, a junior execution, he thereby loses his priority of lien.

But it is difficult to see how by such conduct he could either defraud or injure the junior creditor, who had a right notwithstanding any directions to the sheriff from the senior creditor, to proceed to sell under his execution. Under such a sale, it was held prior to the Code of Civil Procedure, that the purchaser acquired a title to the property free from the lien of the

senior execution, and it therefore in any event sold for its full value. The contest between the two creditors was simply upon the distribution of the fund; and it would seem hard upon the senior creditor to hold that he had waived his right to the fund by a direction temporarily to defer the sale, when no waiver was intended, and when it does not appear that the property sold for any less than it would have done at an earlier sale.

In the present case, no injury to the junior creditor could have been intended, for it does not appear that Lewis knew of the plaintiffs' execution. And it cannot be said that the plaintiffs were in fact injured in any way. They were not delayed in making a sale. The execution of Lewis was not withdrawn, but remained in the sheriff's hands, and he actually did sell under both executions. So that however the law may now be in a case where a sale is made under an execution issued upon one only of several docketed judgments, no question of that sort arises here. The purchaser clearly got a title free from any lien, and there was nothing to prevent the property from selling for its full value.

We think Lewis did not lose his right to priority of payment out of the fund.

PER CURIAM. Judgment affirmed. As the fund is in the Court below, this opinion will be certified in order, &c.